IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH G. RHODES | ) | **1:13CV1689** |
| Plaintiff, | ) | |
| | ) | **JUDGE LIOI** |
| VS. | ) | |
| | ) | |
| AUDIT SYSTEMS, INC., | ) | |
| TASHA, | ) | |
| MIKE, | ) | |
| KELSEY, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | **MAG. JUDGE BURKE** |

**JURISDICTION**

1.      This an action brought by the consumer for violation of the Fair Debt Collection
Practices Act [1] (15 U.S.C. §1692 et seq. [hereinafter "FDCPA"]). Therefore, jurisdiction
Exist under, §1692k(d) in any appropriate United States District Court without regard to
Amount in controversy. Also, subject matter jurisdiction exist under, 28 U.S.C. §§1331, 1332.

2.      This Court may also exercise supplemental jurisdiction over the related State law
Claims arising out of the same nucleus of operative facts which give rise to any Federal law
Claims pursuant to 28 U.S.C. §1367.

**VENUE**

3.      Venue is proper in the Northern District of Ohio.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and sub-parts thereto.

## PARTIES

4.      The Plaintiff, Joseph G. Rhodes ("Plaintiff" or "Rhodes") is a consumer defined at

15 U.S.C. § 1692a (3), who resides within this Judicial District.

5.      Defendant, Audit Systems, Inc., ("Defendant" or "Audit Systems") is a foreign for profit

Company. At all relevant times, Audit Systems, in the ordinary course of business regularly

Engages in practices collection of debt and is "debt collector" defined at, 15 U.S.C. § 1692a (6).

It conducts business in this Judicial District. Its principal place of business, in State of Florida at,

3696 Ulmerton Rd. Suite 200, Clearwater, Florida 33762.

6.      Tasha ("Defendant") engages in business, collection of debt on behalf of Audit Systems,

And is a "debt collector" defined at, 15 U.S.C. § 1692a (6).

7.      Mike ("Defendant") engages in business, collection of debt on behalf of Audit Systems,

And is a "debt collector" defined at, 15 U.S.C. § 1692a (6).

8.      Kelsey ("Defendant") engages in business, collection of debt on behalf of Audit Systems,

And is a "debt collector" defined at, 15 U.S.C. § 1692a (6).

## INTRODUCTION

9.      Plaintiff bring this action as result of Defendant, in attempt to collect a debt in use

Of unfair or unconscionable methods have initiated telephone calls repeatedly or continuously

To residential line of consumer in conduct which harass, annoy abuses or oppresses; including,

[Its] refusal of validation or verification of any debt, together with the reuse and re-disclosure

Of Plaintiff's Non-public Personal Information in violation of FDCPA and invasion of privacy

Of consumer. Audit Systems have cause harm to Plaintiff of pain and suffering in injuries and

Damages. Plaintiff seek Judgment of this Honorable Court for relief.

## FACTUAL ALLEGATIONS

10.    The FDCPA broadly prohibits unfair or unconscionable methods; conduct which

Annoy, harass, abuse or oppress any debtor; and any false, deceptive or misleading statements,

In connection with the collection of any debt; it also requires debt collectors to give debtors

Certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

11.    In 2012 on January 18th, a bankruptcy case of the Plaintiff was filed under Chapter 7 of

United States Bankruptcy code by which include the debtor account ending in #0909 under

Charter One bank--presently Citizens bank.  For example in 2007 on September 1st, a bank

Merger results in RBS Citizens taking over the "assets and liabilities" of Charter One bank.

RBS Citizens, N.A. v. Zigden, 2010-Ohio-3511, No. cv-682426.

12.    In 2012 of January through April, Citizens bank charged-off the debtor balance, and

Reported to Consumer Reporting Agencies (CRAs) as "unpaid balance reported as a loss," as

"Debt included in or discharged through Bankruptcy Chapter 7." For example, in 2012 on April

30th, the Court "Ordered" and granted a discharge under section 727 of Title 11, U.S. Bankruptcy

Code, No. 12-10325-jps.  Copies as exemplified, is attached as Exhibits- E, E.1, F and G.

13.    Defendants regularly attempt to collect debt by contacting the consumer by telephone in

Use of Automated Dialer Recorder Message Player [ADRMP] or Predictive Dialer [PD] device.

For example, defendants continued to place calls to the consumer's residence continuously or

Repeatedly, at any time of day or evening and hang-up when answered by consumer, without

Disclosing the caller's identity. Copy as Exemplified is attached as Exhibit - A.

Page 3

14. Court held, if a collection agency hang-up "prior to or as soon as" the call is answered By the consumer, a "communication" occurs. Sussman v. I.C. Sys., Inc., 12-cv-0181 (ER) 2013 WL 842598 F. Supp.2d (S.D.N.Y. Mar. 06, 2013): The Court reasoned that, If as asserted by the consumer, the collection agency called the consumer and hung-up, "Common sense dictates that Defendant did not provide 'meaningful disclosure of [its] Identity,' as required by [§806 (6)]." The Court stated, "To interpret the FDCPA as not Covering calls that disconnected prior to or as soon as the receiving party picks up the Phone would permit debt collectors to escape liability by calling consumers however Often they wish and simply hanging-up as soon as the consumer answers the phone.

15. In frequent calls to the consumer residence, Defendant do so with the intent to annoy, Harass, abuse or oppress. For example, Defendants: (i) continue to call even after being told By consumer, he do not owe the debt; (ii) continue to call and hang-up when the calls are Answered by the consumer; (iii) continue to call "without meaningful disclosure of the caller's Identity;" (iv) continue to represent consumer owe a debt, (Ex's A, B, C and D).

16. In frequent calls, in communication, when defendants contact consumer, the consumer Disputed the debt five (5) times; and despite being so informed, Defendants continue to call The consumer in an attempt to collect an "unsubstantiated" debt. Copies as exemplified, is Attached as Exhibits – B, C, and D.

17. In numerous calls, when Defendants contact the consumer to collect an unsubstantiated Debt, which Defendants assert, the collection [for] Citizens bank, for the account ending in # 0909. [Ex's. B, C and D.]

18.     In many calls, when Defendants contact the consumer to collect a debt, Defendants

Represent to the consumer that they will report the disputed debt at issue.

19.     In numerous calls, Defendants [do not] take the necessary steps, or do not take the

Promised steps, and Defendants continue to contact the consumer by telephone. [Ex. A.]

20.     In numerous calls, Defendants do so without obtaining new or additional information

Bearing on whether consumer does owe the debt at issue.

21.     In repeated calls to the consumer's residence to collect an 'unsubstantiated' debt,

Defendant do so by means which intrude upon the seclusion or solitude of the consumer's

Privacy. [Ex. A.]

22.     In response to Plaintiff's inquiry for proof of debt, and when the collection agency

Representative stated, "We don't question our client Joseph" [Ex. D, Ln.24], Defendant do so

With, "intentional misrepresentation of material existing fact made to another with knowledge

Of, its falsity for the purpose of inducing the consumer to act upon in which an 'unsophisticated'

Consumer' would rely; [and/or], omission or intentional failure to state material facts, knowledge

Of which would be necessary to make other statements not misleading." For example, Defendant

Knew or should have known, (i) a debtor's demand for verification of any debt, does not have to

Be in writing in order to be effective: Jerman v. Carlisle, McNellie et al., at 2006 US District.

LEXIS 85339, US Distr. Court for Northern Distr. Of Ohio; (ii) section 809 of FDCPA makes

Clear, when a consumer dispute any debt or request verification of such, the debt collector shall

Obtain verification or copy of judgment (if applicable).

23.     Pursuant, Restatement (Second) of Torts §§ 652A-E; (1) one who invades the right of

Privacy of another is subject to liability for the resulting harm to the interest of the

Other; (2) by, (a) unreasonable intrusion upon the seclusion of another; (b) appropriation

Of the others name or likeness; (c) unreasonable publicity given to the other's private

Life; (d) publicity that, unreasonably places the other in false light before the public;

(e) Publicity to a matter concerning another that places the other in a false light before

The public.

24.     In 2013, March 11th, Plaintiff [also] sent a letter (certified) to Defendant and request

Verification and/or validation of debt allegedly owed by the consumer. A copy as exemplified,

Is attached as Exhibit – H.

25.     In response, Defendant collected or acquired [months of data] in private interest

Of Non-public Personal Information (NPI); i.e. Non-public Personally Identifiable Financial

Information, of private affairs or concerns of consumer in which Defendant have re-disclosed,

Reused and sent to the consumer. Copies as exemplified, is attached as Exhibits – J thru J.6.

26.     For example, NPI disclosed six (6) months or, [half-a-year] for periods covering

September 8, 2011 thru March 6, 2012 as such as; (i) one page with photo-copy of images of

(4) Personal checks; (ii) sensitive information such as data of "Veterans Benefit" payments;

(iii) Personal information of transactions with other financial institutions in relationships and

Identifiable data; (iv) personal information as characteristic of behavior or quality of a person

That's distinctive: i.e. consumer purchases, assets and distributions. [Ex. J thru J.6.]

27.     In attempt to collect a debt, Defendant have accessed, reused and re-disclosed NPI,

Without authorization or legitimate purposes, that pry into private affairs or concerns, or that

Intrude upon the solitude or seclusion of another, which for example, Defendant have:

(i) Fail to recognize consumer individual right to control dissemination of information of his

Interest or concerns of personal possessions; (ii) denied consumer privacy of personal behavior

Both, in private and public places; (iii) Denied the consumer's right of seclusion or solitude by

Prying into his personal affairs; (iv) continuously place telephone calls to consumer's residence

To collect an unsubstantiated debt.

28.     Plaintiff did not and does not owe this or any monies to Defendants.

29.     Defendant lack standing: Plaintiff did not nor ever have a relationship with any the

Defendants.

30.     Defendants have demonstrate indifference to the law, to individual rights, Defendants

Know or could foresee harm to another, Defendant did foresee.

31.     Defendants conduct highly offend the consumer and cause him emotional distress.

32.     Defendant committed an unauthorized intrusion and prying upon the consumer's

Seclusion that was highly injurious and objectionable to a reasonable person. For example,

Defendant fail to institute safeguards to insure the security and the confidentiality of records

And information or, to protect against any anticipated threats or hazards to the security or

Integrity of such records or, to protect against unauthorized access to or use of such records

Of information which could result in substantial harm or inconvenience to the consumer.
i.e. "Identity Theft" or "Fraud."

33.     Defendant created a material risk of harm to the consumer, his privacy, interest or
Concerns that created unjustifiable high risk of harm that is either known or so obvious it
Should be known, that is reckless, intentional, and knowingly negligent acts against another,
His interest and privacy. [Ex.'s J thru J.6]

34.     Plaintiff have a constitutional right to privacy of his interest and concerns and hold
A basic expectation that his protected, confidential personal information will not be used
Or disclosed.

35.     Plaintiff have a constitutional interest in privacy of personal information in the interest of
Personal security.

36.     Plaintiff is entitled to a "duty of care" in connection with activities of Defendant.

37.     Defendant have a legal obligation of duty of care imposed on it requiring they exercise
A reasonable "standard of care" in its business activities performing any acts which could cause
Foreseeable harm to others, Defendant did foresee.

38.     Defendant fail to exercise a standard of care in breach of its duty.

39.     Defendant have a legal obligation requiring they obey the law and breach its duty.

40.     Defendant invaded Plaintiff's right to privacy or one explicit in the concept of ordered
Liberty.

41.     Defendant violated all the duties it had and such violations were made intentionally, Willfully, recklessly, maliciously, wantonly and negligently.

42.     Defendant's intrusion was unreasonable; was upon Plaintiff's solitude and private Affairs or concerns.

43.     Defendants' conduct cause harm to the Plaintiff of past, present and future pain and Suffering; past, present and future injuries and damages.

44.     As a result of Defendants conduct and violation of Federal and State law, Plaintiff Suffered such injuries and damages of excruciating headaches, restlessness, insomnia, and the More Poignant emotions, anxiety and distress.

45.     Defendants (all) are liable for the resulting harm to Plaintiff and as result of conduct of Defendants, Plaintiff is entitled to relief.

46.     Such conduct of Defendants proximately caused the injuries and damages set forth in The foregoing Plaintiff's Complaint.

47.     Defendant Audit Systems have acted in knowing, reckless or indifferent disregard to The rights of the Plaintiff.

48.     Under the standard articulated by the Supreme Court, that is knowing, reckless or Indifferent disregard to the rights of the Plaintiff. United States v. Illinois Cent. R. Co., 486 U.S. 128, 133 (1987); Reynolds, 435 F. 3d at 1098, quoting …Cushman, 115 F. 3d at 227. In a

Troubling discussion, the Reynolds Court also stated: "A company will not have acted

In reckless disregard of a consumer's right if it diligently and in good faith attempted

To fulfill its statutory obligations and determine the correct legal meaning of the statute

And has thereby come to a tenable, albeit erroneous, interpretation of the statute.

In contrast, neither a deliberate failure to determine the extent of its obligations nor

Reliance on creative lawyering that provide indefensible answers will ordinarily be

Sufficient to avoid a conclusion that a company acted with willful disregard of FCRA's

Requirement." Reynolds 435 F.3d at 1099.

49.     The Supreme Court of the United States held the "bona fide error" defense in §1692k(c),

Does not apply to violation resulting from debt collector's mistaken interpretation of the

Legal requirements of the FDCPA; the Court reasoned in part "ignorance of the law will

Not excuse any person, either civilly or criminally." Moreover, the Court did not find

Congress intended otherwise. See, <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich,</u>

<u>L.P.A.</u> No. 08-1200 (April 21, 2010).

50.     Defendant Audit Systems is liable to the Plaintiff through the doctrine of, "Respondeat

Superior" for the wrongful, intentional, willful and negligent act, errors and omissions done

In violation of Federal and State law by its collection agents and employees.

51.     All actions taken by employee(s), agent(s) and/or collectors and representatives of any

Type for the defendant, were taken in line and scope of such individual (or entities) employment,

Agency or representation.

**<u>First Cause of Action for Relief</u>**
    (Violation of FDCPA)

52.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs,

1 – 51 of this Complaint with the same force and effect as set forth herein.

53.     In 1977, Congress passed the FDCPA, 15 U.S.C. § 1692-1692p, which became

Effective on March 20, 1978, and has been in force since that date. Section 816 of the FDCPA,

15 U.S.C. § 1692n, does not annul, alter or affect or exempt any person subject to the provisions

Of this title from complying with the laws of any State with respect to debt collection practices,

Except to the extent that those laws are inconsistent with any provision of this title, and then only

To the extent of the inconsistency. By violating the FDCPA, public law 95-109, (15 U.S.C.

§ 1692 et seq.), Defendants have violated the Ohio Consumer Sales Practices Act (CSPA), ORC

§ 1345 et seq.

54.     Section 808 of the FDCPA, 15 U.S.C. § 1692f, prohibits debt collectors from use of

Unfair or unconscionable means to collect or attempt to collect any debt. Section 808(1)

Specifically prohibits debt collectors from the collection of any amount (including any interest,

Fee, charge, or expense incidental to the principal obligation) unless such amount is expressly

Authorized by the agreement creating the debt or permitted by law.

55.     Through means described in Paragraphs 17 and 22, to collect or attempt to collect a

Debt, in use of unfair or unconscionable means, Defendant(s) have represented expressly or by

Implication that;

    a.     The collection of debt for Citizens bank account ending in # 0909; and

    b.     They don't question their client, in response to the consumer's inquiry for

            proof of debt.

56.    In truth and in fact;

    a.     Defendant made a misleading statement; in false representation by which an

"unsophisticated" consumer would rely to his detriment [and/or] an omission

or intentional failure to state material fact.

    b.     Defendant disregarded, §1692g consumer right of verification or validation

of any debt prescribed under FDCPA.

    c.     On April 30, 2012, the consumer debt discharge under Chapter 7 Bankruptcy.

[Exhibits, E.1, F and G.]

57.    Defendants' representation as set forth in Paragraph 55 is false, misleading or deceptive

Acts and constitute unfair or unconscionable acts or practices in violation of, Section 808

Of the FDCPA, 15 U.S.C. § 1692f.

58.    The acts or practices alleged in Paragraphs 55-57 constitute violations of Section 808

Of the FDCPA, 15 U.S.C. § 1692f. Pursuant to Sections 1345.03(A) and (B)(6), the acts or

Practices alleged in Paragraphs 55-57 also, constitute unconscionable acts or practices in

Violation of CSPA, O.R.C. § 1345.03.

Page 12

**Second Cause of Action for Relief**
    (Violation of FDCPA)

59.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs,

1 – 51 and 52 – 58 of this Complaint with the same force and effect as set forth herein.

60.    Section 808 of the FDCPA, 15 U.S.C. § 1692f, prohibits debt collectors from use of

Unfair or unconscionable means to collect or attempt to collect any debt. Section 808(1)

Specifically prohibits debt collectors from the collection of any amount (including any interest,

Fee, charge, or expense incidental to the principal obligation) unless such amount is expressly

Authorized by the agreement creating the debt or permitted by law.

61.    In many calls, through means described in Paragraph 16, to collect or attempt to collect

A debt, in use of unfair or unconscionable means, Defendants have represented expressly or by

Implication that;

        a.    The consumer owe Citizens bank a certain amount including, any fees assessed.

                [Ex.'s B, Ln. 12: C, Ln.14: and D, Ln.'s 17, 20, 27, 28 and 33.]

        b.    The consumer continue to be held responsible for the debt. [Ex. D, Ln. 32.]

        c.    They will report / record consumer dispute of debt at issue.

62.    In truth and in fact;

        a.    The consumer's debt was discharged under Chapter 7 Bankruptcy.

        b.    Defendant do not take the necessary or do not take the promised steps to report or

                investigate and, Defendants continued to contact the consumer by telephone.

63.    Defendants' representation as set forth in Paragraph 61, is false, misleading or deceptive Acts and constitute unfair or unconscionable acts or practices in violation of, Section 808 of the FDCPA, 15 U.S.C. § 1692f(1).

64.    The acts or practices alleged in Paragraphs 61-63 constitute violations of, Section 808 Of the FDCPA, 15 U.S.C. § 1692f. Pursuant to Sections 1345.03(A) and (B)(6), the acts or Practices alleged in Paragraphs 61-63 also, constitute unconscionable acts or practices in Violation of the CSPA, O.R.C. § 1345.03.

**Third Cause of Action for Relief**
   (Violation of FDCPA)

65.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs, 1 – 51, 52 – 58 and 59 – 64 of this Complaint with the same force and effect as set forth herein.

66.    Section 808 of the FDCPA, 15 U.S.C. § 1692f, prohibits debt collectors from use of Unfair or unconscionable means to collect or attempt to collect any debt.

67.    Through means described in Paragraphs 23 through 27, to collect or attempt to collect A debt, in use of unfair or unconscionable means, Defendant have;

     a.    Collected six (6) months of the consumer's Non-public Personally Identifiable Financial Information of private affairs or concerns.

     b.    Retained, reused and re-disclosed consumer personal information.

     c.    Invaded consumer's right of privacy by prying in his personal affairs or concerns or intrusion upon consumer seclusion or solitude to collect unsubstantiated debt.

Page 14.

68.  In truth and in fact;

    a.    The consumer's debt was discharged under Chapter 7 Bankruptcy code.

    b.    In continuous or repeated calls, when Defendant contact the consumer, the consumer disputed the debt five (5) times.

    c.    In continuous or repeated calls, Defendant do so without obtaining new or additional information bearing on whether consumer owe the debt.

69.  Defendants acts or practices as set forth in Paragraph 67, is false, misleading or deceptive Acts or practices and constitute unfair or unconscionable acts or practices in violation of, Section 808 of the FDCPA, 15 U.S.C. § 1692f.

70.  The acts or practices alleged in Paragraphs 67-69, constitute violations of, Section 808 Of the FDCPA, 15 U.S.C. § 1692f. Pursuant to Sections 1345.03(A), the acts or practices Alleged in Paragraphs 67-69 also, constitute unconscionable acts or practices in violation of The CSPA, O.R.C. § 1345.03.

**Fourth Cause of Action for Relief**
(Violation of FDCPA)

71.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs, 1 – 51, 52 – 58, 59 – 64 and 65 – 70 of this Complaint with the same force and effect as set Forth herein.

72.  Section 807 of the FDCPA, 15 U.S.C. §1692e, prohibits debt collectors from using Any false, deceptive or misleading representation or means in connection with the collection Of any debt. Section 807(2) specifically prohibits debt collectors from the false representation Of—(A) the character, amount, or legal status of any debt.

Page 15

73.     In many calls, through means described in Paragraphs 16 and 17, in connection with the Collection of debt, Defendants, have used false, deceptive, or misleading representation or means Expressly or by implication that;

    a.    The consumer owe Citizens bank a certain amount including, any fees assessed. [Ex.'s B, Ln. 12: C, Ln. 14: and D, Ln.'s 17, 20, 27, 28 and 33.

    b.    The consumer continue to be held responsible for the debt. [Ex. D, Ln. 32.]

    c.    They will report / record consumer dispute of debt at issue.

74.     In truth and in fact;

    a.    The consumer's debt was discharged under Chapter 7 Bankruptcy.

    b.    Defendant do not take the necessary or do not take the promised steps to report or investigate and, Defendants continued to contact the consumer by telephone.

75.     Defendants' representations as set forth in Paragraph 73, constitute false, deceptive, Or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e(2).

76.     The acts or practices alleged in Paragraphs 73-75, constitute violations of Section 807 Of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 1345.02(A), the acts or practices Alleged in Paragraphs 73-75 also, constitute unfair or deceptive acts or practices in violation Of the CSPA, O.R.C § 1345.02.

**Fifth Cause of Action for Relief**
(Violation of FDCPA)

77.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs,

1 – 51, 52 – 58, 59 – 64, 65 – 70, and 71 - 76 of this Complaint with the same force and effect

As set forth herein.

78.    Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using

Any false, deceptive or misleading representation or means in connection with the collection

Of any debt. Section 807(10) specifically prohibits debt collectors from the use of any false

Representation or deceptive means to collect or attempt to collect any debt or to obtain

Information concerning a consumer.

79.    In many calls, through means described in Paragraphs 13 and 14, in connection

With the collection of debt, Defendants, directly or indirectly, have used false, deceptive

Or misleading representation or means.

80.    Defendants' representations as set forth in Paragraph 79 constitute false, deceptive,

Or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C.

§ 1692e(10).

81.    The acts or practices alleged in Paragraphs 79 and 80, constitute violation of Section 807

Of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 1345.02(A), the acts or practices

Alleged in Paragraphs 79 and 80 also, constitute unfair or deceptive acts or practices in violation

Of the CSPA, O.R.C. § 1345.02.

Page 17

**Sixth Cause of Action for Relief**
 (Violation of FDCPA)

82. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs,

1 -51, 52 – 58, 59 – 64, 65 – 70, 71 – 76 and 77 - 81 of this Complaint with the same force

And effect as set forth herein.

83. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using

Any false, deceptive or misleading representation or means in connection with the collection

Of any debt. Section 807(11) specifically prohibits debt collectors from the failure to disclose

In the initial written communication with the consumer and, in addition, if the initial

Communication with the consumer is oral, in that initial communication, that the debt collector

Is attempting to collect a debt and that any information obtained will be used for that purpose,

And the failure to disclose in subsequent communications that the communication is from a debt

Collector except that this paragraph shall not apply to a formal pleading made in connection with

A legal action.

84. In many calls, through means described in Paragraphs 13 and 14, in connection

With the collection of debt, Defendants, directly or indirectly, have used false, deceptive

Or misleading representation or means.

85. Defendants' representations as set forth in Paragraph 84, constitute false, deceptive

Or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C.

§ 1692e(11).

86.     The acts or practices alleged in Paragraphs 84 and 85, constitute violation of Section 807

Of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 1345.02(A), the acts or practices

Alleged in Paragraphs 84 and 85 also, constitute unfair or deceptive acts or practices in violation

Of the CSPA, O.R.C. § 1345.02.

**Seventh Cause of Action for Relief**
        (Violation of FDCPA)

87.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs,

1 -51, 52 -58, 59 – 64, 65 – 70, 71 – 76, 77 – 81 and 82 – 86 of this Complaint with the same

Force and effect as set forth herein.

88.     Section 806 of the FDCPA, 15 U.S.C. § 1692d, prohibits debt collectors from

Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any

Person in connection with the collection of a debt. Section 806(5) specifically prohibits debt

Collectors from causing a telephone to ring or engaging any person in telephone conversation

Repeatedly or continuously with intent to annoy, abuse, or harass any person at the called

Number. Section 806(6) specifically prohibits debt collectors from placement of telephone calls

Without meaningful disclosure of the caller's identity.

89.     In numerous calls, through means described in Paragraphs 13 through 22, in connection

With the collection of debt, Defendants, directly or indirectly, have engaged in conduct the

Natural consequence of which is to harass, oppress, or abuse the consumer.

90.     In numerous calls, through means described in Paragraphs 13 and 15, in connection with

The collection of debt, Defendants, directly or indirectly, have caused telephones to ring or

Engaged consumer in telephone conversation repeatedly or continuously with intent to annoy,

Abuse, or harass consumer at the called end, and the natural consequence of such calls has been

To harass, oppress or abuse the consumer.

91.     The acts and practices alleged in Paragraphs 89 and 90, constitute violations of Section

806 of the FDCPA, 15 U.S.C. §§ 1692d(5) and (6).

92.     The acts and practices alleged in Paragraphs 89-91, constitute violations of Section 806

Of the FDCPA, 15 U.S.C. § 1692d. Pursuant to Section 1345.02(A), the acts or practices alleged

In paragraphs 89-91 also, constitute unfair or deceptive acts or practices in violation of CSPA,

O.R.C. § 1345.02.

**Eighth Cause of Action for Relief**
(Violation of Restatement [Second] of Torts: §§ 652A-E)

93.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs,

1 – 51, 52 – 58, 59 – 64, 65 – 70, 71 – 76, 77 – 81, 82 – 86 and 87 – 92 of this Complaint with

The same force and effect as set forth herein.

94.     Section 652B, provides that, one who intrudes, physically or otherwise, upon

The seclusion of another or his private affairs or concerns, is subject to liability to the other

For invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Page 20

95.     In acts or conduct, through means described in Paragraphs, 23 through 27, to collect or Attempt to collect a unsubstantiated debt, Defendants, directly or indirectly, have intruded, Physically or otherwise, upon the seclusion or solitude of the consumer's private affairs or Concerns in invasion of his privacy.

96.     In repeated or continuous calls, through means described in Paragraphs, 13 through 21, To collect or attempt to collect a unsubstantiated debt, Defendants' directly or indirectly, Expressively or by implication, have intruded, physically or otherwise, upon the seclusion or Solitude of the consumer's private affairs or concerns in invasion of his privacy.

97.     Defendants' acts or practices as set forth in Paragraphs 95 and 96, is false, misleading Or deceptive acts and constitute unfair or unconscionable acts or practices in invasion of privacy In violation of, Section 652B, Restatement (Second) of Torts.

98.     The acts and practices alleged in Paragraphs, 95-97 constitute violation of Sections 652A and B, Restatement (Second) of Torts, §§ 652A-E. Pursuant to Sections 1345.03(A), The acts and practices alleged in Paragraphs 95-97 also, constitute unconscionable acts Or practices in violation of the CSPA, O.R.C. § 1345.03.

99.     As a result of violations of Federal and State laws, All Defendants are liable to Plaintiff For injuries and damages; Plaintiff is entitled to relief as set forth in the foregoing Complaint.

100.     Defendants violated the FDCPA and State law as describe above, with actual knowledge.

Page 21

**DEMAND FOR JURY TRIAL**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully, requests that the Court:

1.      Enter Judgment against Defendants and in favor of Plaintiff for each law

Violation alleged in the Complaint;

2.      An "Order" for the delivery-up and destruction of materials;

3.      Award of statutory, actual and compensatory damages;

4.      Award of aggravated and exemplary damages;

5.      Award of triple damages;

6.      Award Plaintiff the cost of bringing this action, attorneys' fees, as

Well as such other and additional relief as the Court may determine

To be just and proper.

Respectfully Submitted,

Joseph G. Rhodes, Pro se Plaintiff.
12418 Woodside Avenue
Cleveland, OH. 44108-2421
Telephone: 216.268.1054
Cellular:    216.262.4791
E-mail:  JRh1042167@aol.com

This 5th day of August , 2013.

Page 22

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Complaint" has been

Deposited in the U.S. Mail, First Class, and posted on this _5th_ day of, _August_ 2013.



Joseph G. Rhodes

Page 23